Desiree D. Nguyen, Esq. (SBN: 278811)
desiree@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
605 Market St., Ste. 1200
San Francisco, CA 94105-3214
(415) 495-7770
(415) 495-7773

Attorneys for Mara Cordova



FILED
MAY 29 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Mara Cordova | Case No: CV 12 2739 |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| CACH, LLC, and Kentwood Law Group a/k/a Law Offices of Susan Addison Blush, PC | |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter



"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Mara Cordova, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC, ("CACH"), and Kentwood Law Group, a.k.a. Law Offices of Susan Addison Blush ("Kentwood") (collectively referred to as "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Any and all violations alleged against Kentwood are imputed to CACH under the theory of vicarious liability because the actions undertaken by Kentwood were an attempt to collect the alleged debt by an attorney's office on behalf of CACH.

8. All violations alleged under the FDCPA are alleged as to all named Defendants.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

13. At all times relevant, Defendants conducted business within the State of California.

14. Intradistrict assignment to the San Francisco Division or Oakland Division is proper because a substantial part of the event or omissions which give rise to the claim occurred in a county within the purview of these divisions.

## PARTIES

15. Plaintiff is a natural person who resides in the City of San Francisco, State of California.

16. CACH is located in the City of Denver, in the State of Colorado.

17. Kentwood is located in the City of Montclair, in the State of California.

18. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Sometime before December 12, 2011, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before December 12, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before December 12, 2011, the alleged debt was assigned, placed, or otherwise transferred, to CACH for collection.

24. Subsequently, but before December 12, 2011, CACH retained its attorney Kentwood for legal services in connection with collection of the alleged debt.

25. On or about December 12, 2011, Kentwood, on behalf of CACH, filed a collections lawsuit against Plaintiff in the Superior Court of California, County of San Francisco.[1]

26. On March 7, 2012, Defendants served Plaintiff the state court collections summons and complaint through substitute service.

27. On March 22, 2012, Plaintiff filed her Answer to the state court complaint in *propria persona.*

28. Subsequently, Plaintiff retained her current counsel, and counsel served on Kentwood and the Superior Court of California, County of San Francisco a notice of substitution of attorney on or about April 2, 2012, the Superior Court's records indicating a filing date of April 4, 2012.

29. On or about April 4, 2012, Plaintiff's counsel also served on CACH, through Kentwood, Plaintiff's request for discovery in the state court action. These requests for discovery bore Plaintiff's counsel's contact information both on the headings of all the requests as well as in the accompanying proof of service.

---

[1] County of San Francisco Case No.: CGC-11-517982

Complaint　　　　　　　　　　　　　　- 4 of 7 -

30. On or about April 10, 2012, Plaintiff's counsel served on CACH, through its counsel, Kentwood, Plaintiff's case management statement for the state case, which also bore Plaintiff's counsel's contact information both on the case management statement as well as in the accompanying proof of service.

31. On or about April 10, 2012, through its counsel Kentwood, CACH directly mailed to, and Plaintiff received at, Plaintiff's personal home address, Defendant CACH's requests for discovery in the state court matter.

32. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(2).

33. The envelope and the proof of service for the discovery requests were addressed to "Mara P Cordova" followed by Plaintiff's home address. The proof of service states that the requests were mailed by "Corinna Garcia" from the business address of "5050 Palo Verde, Suite 113, Montclair, California 91763", the same business address as Kentwood.

34. Based on information and belief, Corinna Garcia is an employee of Kentwood under Kentwood's supervision and control as the two share the same business address, and the proof of service executed by Corinna Garcia is directly related to the business practice of Kentwood, specifically, the proof of service was for the discovery requests drafted and signed by a Kentwood attorney, Susan A. Blush.

35. Again, on or about April 17, 2012, CACH, through its counsel Kentwood, directly mailed to, and Plaintiff received at, Plaintiff's personal home address, its case management statement for the state case.

36. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(2).

37. The envelope and the proof of service for the case management statement was addressed to "Mara P Cordova" followed by Plaintiff's home address. The proof of service states that the case management statement was mailed by "Corinna Garcia" from the business address of "5050 Palo Verde, Suite 113, Montclair, California 91763", the same business address as Kentwood.

38. Based on information and belief, Corinna Garcia is an employee of Kentwood under Kentwood's supervision and control as the two share the same business address, and the proof of service executed by Corinna Garcia is directly related to the business practice of Kentwood, specifically, the proof of service was for the case management statement drafted and signed by a Kentwood attorney, Susan A. Blush.

39. Given the repeated conduct and separate mailing over which these violations took place, Defendants did not maintain procedures reasonably adapted to avoid this violation of the FDCPA.

**CAUSES OF ACTION**

**COUNT I**

**AS TO ALL NAMED DEFENDANTS**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 23, 2012

By: _____
Joshua B. Swigart
Attorneys for Plaintiff